UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X    For Online Publication Only
POWER UP LENDING GROUP, LTD.

                    Plaintiff,

                                                      **ORDER**
    -against-                                            16-CV-5477 (JMA)(GRB)

iTALK, INC. and KIL WON LEE,

                    Defendants.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Plaintiff moves for a default judgment against defendants Kil Won Lee and iTalk, Inc. ("iTalk"). Both defendants oppose the motion and cross-move to vacate the Clerk's entry of default dated November 21, 2016.

      Federal Rule of Civil Procedure 55(c) permits a court to "set aside an entry of default for good cause." Although Rule 55(c) does not define "good cause," "[t]he Second Circuit has developed three criteria that the court must assess when deciding whether to vacate an entry of default: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of meritorious defenses, and (3) whether, and to what extent, vacating the default will cause the non[-]defaulting party prejudice." Simmons v. Sea Gate Ass'n, No. 12-CV-4949, 2013 WL 5774594, at *7 (E.D.N.Y. Oct. 24, 2013) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993)).

      Regarding the second factor, "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." Enron Oil Corp., 10 F.3d at 98. This is a low threshold—"a movant need only present some evidence demonstrating 'that if relief is granted the outcome of the suit may be different than if the entry of default . . . is

1

allowed to stand.'" Micolo v. Brennan, No. 07-CV-4901, 2009 WL 742729, at *10 (E.D.N.Y. Mar. 3, 2009) (report and recommendation) (quoting In re Martin-Trigona, 763 F.2d 503, 505 n.2 (2d Cir. 1985)) adopted by 2009 WL 742729 (E.D.N.Y. Mar. 18, 2009). Accordingly, "defendants do not need to establish a meritorious defense for each claim in the [complaint] in order for the meritorious defense factor to weigh in their favor." Simmons, 2013 WL 5774594, at *7 (citing Saunders v. Morton, 269 F.RD. 387, 404 (D. Vt. 2010)). However, in order to take advantage of this rule, defendants must show that if they prevail on the meritorious defenses they assert, "there is some possibility that the outcome of the suit will be different than if the entry of default is allowed to stand." Id. (In re Martin-Trigona, 763 F.2d at 505 n.2).

The Court has reviewed the parties' submissions and concludes that the entry of default should be vacated as to Lee because there is no evidence of willfulness, he asserted meritorious defenses, and prejudice to plaintiff is minimal. Accordingly, Lee's motion to vacate the entry of default against him is granted and plaintiff's motion for a default judgment against Lee is denied.

Although iTalk asserts meritorious defenses to some of the claims against it, iTalk's silence regarding the First, Third, Sixth, and Eighth claims is deafening. The First, Third, Sixth, and Eighth claims concern iTalk's liability as guarantor on the allegedly defaulted instrument. iTalk does not argue that non-party United Mobile Solutions Corp. did not default on the instrument. Nor does iTalk argue that it is not liable for the default. This means that even if iTalk is successful on all of its asserted defenses, it will still be liable as guarantor for the defaulted instrument. In light of the above, the Court concludes that the outcome of the suit against iTalk—namely, a money judgment against it in the amount of $119,720—will be the same even if it is successful on all of its defenses. As plaintiff points out, once iTalk is found liable for breach of contract all of the other claims against it are superfluous. iTalk's motion to vacate the entry of default is denied and

plaintiff's motion for a default judgment against iTalk is granted because iTalk has not asserted any meritorious defenses and the allegations in the complaint establish its liability on plaintiff's First, Third, Sixth, and Eighth claims as a matter of law, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). Accordingly, the Court grants plaintiff's motion for a default judgment against iTalk and awards plaintiff a judgment against iTalk in the amount of $119,720.[1] (Aff. of Curt Kramer dated Nov. 22, 2016 ("Cramer Aff.") ¶ 13, ECF No. 8.) The Court notes that the proposed default judgment submitted by plaintiff indicates that plaintiff is not seeking prejudgment interest and has "waived" costs and attorney's fees. (Proposed Order and Judgment, ECF No. 8-2.) As such, the Court does not award any interest, costs, or fees against iTalk.

The Clerk of Court is respectfully directed to enter a judgment in the amount of $119,720.00 against defendant iTalk.

Additionally, a status conference is hereby scheduled on October 12, 2017 at 2:30 PM in Courtroom 920 of the Long Island Courthouse. All counsel must attend. Any requests for adjournment must be made via letter filed on ECF at least forty-eight (48) hours in advance of the scheduled conference and must indicate which parties consent to the adjournment.

**SO ORDERED.**

Dated: September 30, 2017
       Central Islip, New York

                                          /s/ (JMA)
                                          Joan M. Azrack
                                          United States District Judge

---

[1] When the amounts owed, default fees, and bank charges listed in paragraphs 6 and 7 of the Kramer Affidavit are totaled, the sum is $119,770.94. However, because plaintiff only requests $119,720 in its motion for default judgment, the Court will only award plaintiff that amount.